LAMOLINARO, APPELLANT, *v.* KROGER COMPANY ET AL., APPELLEES.

(No. 85AP-157 — Decided December 26, 1985.)

*Gurley, Rishel, Myers & Kopech* and *James R. Rishel,* for appellant.

*Porter, Wright, Morris & Arthur* and *Fred G. Pressley, Jr.,* for appellee Kroger Co.

*Anthony J. Celebrezze, Jr.,* attorney general, and *George H. Calloway,* for appellee Administrator, Ohio Bureau of Employment Services.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Unemployment Compensation Board of Review ("board") finding that appellant, Catherine Lamolinaro, was dismissed by appellee Kroger Company ("Kroger") for just cause and, accordingly, not entitled to unemployment compensation.

Appellant Catherine Lamolinaro's application for unemployment compensation for the week ending April 30, 1983, was denied by the Administrator of the Bureau of Unemployment Compensation for the reason that she quit her employment with Kroger without just cause. This was predicated upon a certification by appellee Kroger that the reason for appellant's separation from employment was that she "voluntarily quit, failed to return from leave of absence." Appellant appealed the administrator's decision to the Unemployment Compensation Board of Review, resulting in a decision by a hearing officer, with further review being denied by the board, that appellant was discharged by Kroger for just cause.

Upon appeal to the common pleas

court, the matter was referred to a referee, who recommended reversal of the decision of the board as being against the manifest weight of the evidence. The common pleas court sustained objections to the referee's report and affirmed the decision of the board, stating in its decision in pertinent part:

"* * * This court would not construe appellant's actions as a refusal to submit to the required examinations. However, reasonable minds, in construing all the evidence, could reach this conclusion."

Appellant raises a single assignment of error contending that:

"The court of common pleas abused its discretion when it found that the decision of the Unemployment Compensation Board of Review holding that Catherine Lamolinaro was dismissed for just cause and therefore not entitled to unemployment compensation was not unlawful, unreasonable and against the manifest weight of the evidence."

The issue before us is not whether appellant refused to submit to a medical examination at the demand of an employee of appellee Kroger but, rather, whether she was discharged by Kroger for just cause. The findings of fact made by the board referee indicate that appellant was on a medical leave of absence from April 1 to April 11, 1983, due to a lung disorder, with respect to which appellant had a pending workers' compensation claim. Appellant provided a certificate from her physician indicating that she was able to return to work. Nevertheless, an employee of Kroger scheduled her for a so-called return-to-work physical with the company physician, allegedly pursuant to a plant rule providing that:

"In the event of absence due to illness, the employee, when recovered, must report to his supervisor his recovery, in sufficient time to be scheduled for return. Failure to do so will prevent his being scheduled until a later date. * * * When he returns he must bring with him, if requested, a release from his attending physician, and, when requested, he must be approved for return by our company physician. * * *

"Failure to keep the department properly informed can result in termination from employment."

The board specifically found with respect to the physical examination:

"The claimant was represented by Mr. Langione [sic] in her claim with the Industrial Commission of Ohio, and was advised by Mr. Langione [sic] not to take the physical examination by the Kroger Company physician until the Kroger Company, has complied with Rule 4121-3-09(B)(4), Industrial Commission of Ohio."

The board referee further found:

"As a result of the claimant being released to return to work by her attending physician but refusing to be examined by the company physician, she was informed on April 14, 1983, by a letter signed by Mr. Timothy Hatem, Personnel Manager that it was considered as a voluntary resignation."

The factual findings made by the board referee clearly indicate, as a matter of law, that appellant did not violate any rule of her employer. The above-quoted rule does not require a return-to-work physical by a company physician as scheduled by the employee of Kroger. Instead, the rule states that the employee must submit a release from his attending physician and "must be approved for return by our company physician." There is a distinct difference between a requirement that an employee submit to a return-to-work physical and a requirement that the employee be approved for return to work by the company physician. Obviously, such approval of the company physician can be predicated upon the certificate of the attending physician that the employee is released for return to work. Whether a physical examination is required for a

return-to-work approval by the company physician is a medical decision, not an administrative decision.

There is no evidence that a physical examination was medically necessary for the company physician to approve appellant for return to work. Rather, the only evidence adduced was the testimony of Kroger's personnel assistant, who testified that appellant had been scheduled for a so-called return-to-work physical, apparently pursuant to some policy of Kroger, alluding to the back of a leave-of-absence form, as well as to the company rule. However, the copy of the leave-of-absence form included in the record as exhibit one contains no such information, the reverse side being blank, although there is a reference to the reverse side on the copy included in the record. Moreover, the decision of the board referee makes no reference to the leave-of-absence form but, instead, refers only to the plant rule quoted above.

The plant rule not only makes no express provision requiring a physical examination as a prerequisite to return to work but also makes no provision that failure to submit to a physical examination by the company physician constitutes grounds for termination of employment. The rule does provide that failure to keep the supervisor informed concerning progress of recovery may result in termination of employment, but makes no reference to any other cause for termination.

With respect to approval of the company physician for return to work, not only are no sanctions suggested, but the rule is obviously for the benefit of the employer to assure that the employee is capable of returning to work. As noted above, it would appear that, ordinarily, the company-physician approval could be predicated upon the attending physician's certificate. There is no evidence that the company physician refused to approve appellant's return to work

predicated upon her attending physician's certificate; rather, there is only an indication that a personnel supervisor scheduled appellant for a medical examination by the company physician, apparently without consultation with the company physician and without any indication of medical necessity for such an examination as a prerequisite to approval by the company physician of appellant's return to work.

The board referee stated in pertinent part:

"* * * The Findings of Fact further show one of those rules requires that a person when requested must be approved for return to work by the company physician. The claimant when she refused to be examined by the company physician clearly was in violation of the rules and regulations of the employer. * * *"

Although the finding of fact was correct, the conclusion therefrom was erroneous because the rule does not require an examination, which would be required only in an instance where the certificate of the attending physician is medically insufficient as a predicate for the company physician's approval for return to work.

This case is further complicated by the fact that appellant refused to submit to the physical examination upon advice of her attorney upon the basis that the physical examination would be precluded by Industrial Commission Rule because, necessarily, the examination would involve a medical examination with respect to the industrial claim. There is no evidence that this would not be the case, although the board referee, without a finding of fact supporting it, concluded that the examination was for determining whether appellant could return to work, rather than for purpose of her industrial claim. However, as we have noted, there is no medical evidence and no finding of fact by the referee that the examination by the company physi-

cian was necessary for his approval of appellant's return to work.

Where an employee, who has a pending workers' compensation claim, upon advice of counsel, refuses to submit to an examination by the company physician as a condition of returning to work, such examination is neither required by company rule nor is otherwise demonstrated to be medically necessary to assure that the employee should be permitted to return to work, and the employee has submitted a certificate of her attending physician that she is able to return to work, the employee is not at fault in any respect that would constitute just cause for termination of employment. Accordingly, the assignment of error is well-taken.

For the foregoing reasons, the assignment of error is sustained; the judgment of the Franklin County Court of Common Pleas is reversed; and this cause is remanded to that court with instructions to enter a judgment reversing the decision of the board for the reason that, as a matter of law, appellee Kroger terminated appellant's employment without just cause.

*Judgment reversed and cause remanded with instructions.*

NORRIS, J., concurs.

WILLIAM B. BROWN, J., retired, of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution, participated in the hearing but not in the disposition of this case.